Johnson, C. J. The question first presented related to tbe legal sufficiency of the plea of justification. The defendant below, by this plea, attempted to shelter himself under legal process, and in order to do so he must show that such process was based upon a valid judgment. If the judgment set up be void for the want of jurisdiction in the County Court, then it is clear, and the authorities agree upon the point, that the execution could afford no protection to the officer. An officer may justify under erroneous proceedings, when there is no defect of jurisdiction. Suydam v. Kings, 13 J. R. 444. Where a court has jurisdiction of the subject matter, it is sufficient to justify the officer executing its process, for the officer’is not bound to examine into the validity of its proceedings or the regularity of its process.' Warner v. Shed, 10 J. R. 138. We will now proceed to ascertain whether tire County Court of Pike possessed jurisdiction over the subject matter, and was authorized to render the judgment upon which the execution was predicated. This court in the case of Dillard v. Noel, (2 Ark. R. 454), said “that all the courts of this State derive the whole of their jurisdiction from the constitution and statutes passed in conformity with the provisions thereof, is a proposition which, in our judgment, cannot be denied, for they are all created or their creation specially provided for by the constitution ; and their respective jurisdiction is in many respects expressly defined and limited by the same instrument; yet in some .respects it is subjected to the control of the Legislature, and may be from time to time distributed by statute, according to the will of that department, among the several judicial tribunals not prohibited by the constitution from taldng cognizance thereof. In regard to matters of contract the jurisdiction of the justices of the peace is definitely and definitively prescribed by the constitution, so far as it depends upon the sum in controversy, and in this respect the power of the Legislature over the subject is cohfined or restricted; so likewise, it is in regard to the jurisdiction of the Circuit Court, except that the latter is not made exclusive, and therefore it is competent for tire Legislature to vest in other judicial tribunals a jurisdiction concurrent with that of the Circuit Court over all matters of contract of which it has cognizance, although it is not within the power of that department to divest the Circuit Courts of their original jurisdiction conferred upon them by the constitution in matters of contract where the sum in controversy is over one hundred dollars, or in any manner restrict or prohibit their exercise-thereof, so far as it depends upon the sum in controversy. On this subject the language of the constitution is, that the Circuit Court shall have ‘original jurisdiction of all civil cases which shall not be cognizable before the justices of the peace until otherwise directed by the General Assembly, and original jurisdiction in all matters of contract where the sum in controversy is over one hundred dollars,’ and that justices of the peace‘shall have individually, or two or more of them jointly, exclusive original ' jurisdiction in all matters of contract except in actions of covenants, where the sum in controversy is of one hundred dollars and under.” It is clear from this case that the Legislature possesses no power under the constitution, to confer jurisdiction upon the County Courts, in matters of contract, except covenant, where the sum in controversy is of or under one hundred dollars. The 7th sec. of chap. 68 of the Revised Statutes, declares that “every person taking up any animal shall at the time of the appraisement thereof, enter into bond with sufficient security, to be approved by the justice, in the value of such animal, to the State of Arkansas, for the use of the proper county, conditioned that if the owner of such animal shall within one year from the date thereof, appear and prove his property in the animal so taken up, that he will deliver up such animal ; or if such owner shall fail to prove his property therein within one year, that he, the obligor, will pay into the county treasury, the one-half of such appraised value, stating the amount of such appraisement;” and the 26, 2T and 28 sections also provide that “after the term of one year from the taking up of any beast, if the order of the justice requiring the taker up of such beast to return the animal to the owner, with the owner’s receipt thereon, shall not be filed with the clerk, or the one-half of the appraised value paid into the treasury, and the county treasurer’s receipt filed with the clerk, such clerk shall issue a notice to the delinquent to appear at the next term of the County Court for such county, and show cause, if any he can, why judgment shall not be entered against him in favor of the State for the benefit of the county; that such notice shall be by the clerk delivered to the sheriff, and by him served on such person., and that if no sufficient cause be shown, the court shall enter judgment against the delinquent for the amount due the county with costs; and executj^n shall issue for the same as in other-cases, and further, that the cause shall be tried without the necessity of formal pleading.” The County Court under the statute is only authorized to enter judgment against the taker up of the estray for the one-half of the appraised value. The execution which is said to be founded upon the recovery in the County Court, commanded the defendant, as sheriff, to make the sum of thirty-three dollars and thirty-three and one-third cents, for the debt, and three dollars and fifteen cents for the cost of said suit. This sum is supposed to be the one-half of the appraised value of the mule, and that is clearly the sum in controversy. It appeals affirmatively therefore that the suit was for a sum within the exclusive jurisdiction of a justice of the peace, and consequently not within that of the County Court. The subject matter of the suit not being within the jurisdiction of the County Court, it follows as a necessary consequence, that the execution based upon the judgment could afford no protection to the officer executing it. Tire demurrer was therefore properly sustained to the defendant's special plea of justification. The next and last point to be considered is, whether the court decided correctly or not in excluding certain evidence offered by the defendant below. In the case of Cook v. Howard, (13 J. R. 283), the Supreme Court of the State of New York, said that “In an action of trespass de bonis asportatis it is not competent for the defendant to show property in a stranger to excuse the trespass and justify the taking. If a person has the peaceable possession of a chattel, this gives him a right as against every body but the rightful owner. In an action of trover the defendant may show a title in a third person (11 Johns Rep. 559;) but it is expressly laid down by this court in Derrick v. Chapman, (11 J. R.) 132, that the possession of a chattel is prima facie evidence of right, and that a mere stranger could not deprive the party of that possession without showing some authority or right derived from the owner to justify the taking,” The same court (in the case of Derrick v. Chapman, 11 J. R. 132) also said that “the possession of the property by the plaintiff below, was prima facie evidence of right, and a mere stranger could not lawfully deprive him of that possession. The offer therefore, to prove that the property belonged to Ralph Chapman, could not excuse the taking by the defendant without showing some authority or right derived from Ralph Chapman amounting to a justification, and this was not admissible under tire general issue. . The taking was prima facie a trespass; and the excuse that it was done by virtue of an attachment issued by a justice of the peace, ought to have been pleaded specially. Lord Coke lays it down, Co. Lit. 282; 2 Esp. R. P. 558; as an established rule of the common law, that if adefend-ant hath cause of justification or excuse, he must plead it, and cannot give it in evidence under the general issue. This is a rule well settled in actions for false imprisonmént, and assault and battery (3 Wills 270), and the reason for the rule applies in this case, it being necessary to prevent surprise, and to enable the parties to go to trial on equal terms with respect to evidence and proof of facts. The transfer of the property, although with a design to defraud creditors, was valid as between the parties. And the defence founded on the right of a creditor to defeat it by attachment, or by a judgment and execution, is very special and ought to be disclosed by pleading.” The defendant below, after the plaintiff had rested his case, introduced witnesses in his defence, and propounded numerous questions, to all of which objections were made and which objections were sustained by the court. He made no attempt to show that the plaintiff was not possessed of the property before the seizure by the defendant, but on the contrary, he tacitly admitted that fact; but, in order to evade the force and effect of it, endeavored to prove either that such possession was fraudulent, or that though it was fair and bona fide, yet that the title was in a stranger. This being the end and scope of the testimony that the defendant proposed to introduce, the principle laid down in the cases referred to, are perfectly conclusive upon the question, and fully sustained the court below in excluding the whole of it from the jury. The judgment of the Circuit Court is therefore in all things affirmed.